UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

           Plaintiff,

v.

MADELIN EINBINDER *et al.*,

           Defendants.

Civil Action No. 21-12995 (MAS) (DEA)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court on the Application to Proceed *In Forma Pauperis* (the "IFP Application") filed by Plaintiff Richard Hone ("Plaintiff"). (ECF No. 6.) For the reasons stated below, the Court grants Plaintiff's IFP Application and dismisses Plaintiff's Complaint. (ECF No. 1.)

**I.    BACKGROUND**

    On June 25, 2021, Plaintiff filed this Complaint against Defendants Judge Einbinder ("Judge Einbinder"), Judge Baxter ("Judge Baxter"), and Judge Marlene Lynch-Ford ("Judge Lynch-Ford," and collectively, "Defendants"). (Compl. 2, ECF No. 1.) The Complaint is one of many that Plaintiff has filed in this Court, all arising out of a custody dispute in New Jersey state court. The Complaint alleges that Defendants, all judges, conspired to deprive Plaintiff of his civil rights by refusing to timely schedule a hearing. (Compl. *5, ECF No. 1.)[1] Plaintiff does not mention Judge Einbinder in this certification, nor does he elaborate as to her alleged role in the

---

[1] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

1

conspiracy. Instead, he takes issue with an alleged delay in Judge Lynch-Ford's scheduling of a hearing on his case. (*Id.*) Plaintiff suggests that at first, Judge Lynch-Ford mistakenly scheduled a hearing for May 2021 rather than June 2021. (*Id.*) Following this alleged mistake, Plaintiff alleges that after he re-filed for this hearing, Judge Lynch-Ford scheduled the hearing a month late. (*Id.*) He alleges that this "depriv[es] him of Due Process on [his] . . . lawsuit." (*Id.*) Further, he states that this is "in contravention to the court rules and the NJ criminal code NJ 2C 30:6." (*Id.*)

## II.   LEGAL STANDARD

Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) by submitting an affidavit that states (1) all their income and assets, (2) whether they are able to pay filing fees, (3) the nature of their action, and (4) the basis for their redress. *See* 28 U.S.C. § 1915(a)(1). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A complaint "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, while courts liberally construe *pro*

2

*se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

### A.   The Court Grants Plaintiff's IFP Application.

Plaintiff's IFP Application satisfies 28 U.S.C. § 1915(a). Plaintiff's IFP Application states that he is disabled and brings in $180 in monthly benefits. (IFP Appl., ECF No. 6.) The IFP Application also provides that Plaintiff's monthly expenses are $215. (*Id.*) Further, Plaintiff's IFP Application asserts that Plaintiff cannot pay the filing fee, includes the nature of the action, and includes reasons why Plaintiff is entitled to redress. The Court, therefore, grants Plaintiff's IFP Application.

### B.   Plaintiff's Complaint Seeks Relief from Immune Defendants.

Judges have absolute immunity from suits that fall within the performance of their duties. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). To that end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . .." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted). The Supreme Court has, however, identified two exceptions to this rule. "First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12 (citations omitted).

Here, Plaintiff has not alleged that Defendants have acted outside of their jurisdiction or that they took any actions outside of their judicial capacity. Plaintiff cites to *Pulliam v. Allen* to suggest that judges can be held liable for their official acts. 466 U.S. 522, 541-42 (1984). There,

3

however, the defendant judge was found to have been acting beyond her jurisdiction by incarcerating persons for non-jailable offenses. *Id.* at 524-25. Here, although Plaintiff vaguely alleges that Judge Lynch-Ford's decision was against court rules, he provides no further facts to support that contention nor any other facts to support a plausible inference that judicial immunity does not apply. Indeed, the Court's own review of the relevant court rules offers no support for Plaintiff's theory. The Court, therefore, finds that judicial immunity applies in this instance to all Defendants.

### C. The Complaint Must Be Dismissed with Respect to Judges Einbinder and Baxter Because It Fails to State a Claim.

Plaintiff's Complaint fails for a separate reason—it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The court accepts as true all of Plaintiff's well-pleaded factual allegations, *Fowler*, 578 F.3d at 210, but finds that the Complaint must be dismissed with prejudice, in its entirety, for failure to state a claim. Although Judges Einbinder and Baxter are listed as parties in the Complaint, Plaintiff fails to allege any role that either Defendant had in the alleged conspiracy. For example, Plaintiff does not allege that Judge Einbinder spoke to Judge Lynch-Ford before the delay in the hearing let alone performed any act during the alleged trial which deprived him of his rights. Nor does he mention Judge Baxter's involvement in the decision. Without a single allegation detailing any of Judge Einbinder or Judge Baxter's conduct, this Court finds the Complaint lacks an arguable basis of both fact and law with respect to the claims against them.

Because this Court has found that Plaintiff has not sufficiently alleged involvement of Judges Einbinder or Baxter, Plaintiff's claim of a conspiracy to deprive him of his civil rights lacks an arguable basis in law. To set forth a conspiracy to violate civil rights claim, one must adequately allege that two or more persons conspired to deprive any person of constitutional rights. *Jurtowski*

4

*v. Twp. of Riverdale*, 904 F.3d 280, 293-94 n.15 (3d Cir. 2018) (quoting *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). Plaintiff only alleges that Judge Lynch-Ford acted to deprive him of rights. Judge Lynch-Ford cannot "conspire" by herself. Therefore, Plaintiff's claim of a "conspiracy" to deprive him of rights lacks an arguable basis in law.

### IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's IFP Application, but dismisses Plaintiff's Complaint with prejudice. The Court will issue an appropriate order accompanying this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**